2022-CC00848

Electronically Filed - City of St. Louis - April 28, 2020 - 04:12 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT
## STATE OF MISSOURI

| | |
|---|---|
| KEVIE HENDRIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| vs. ) | |
| ) | Division No. |
| LANTON AUTOMOTIVE, LLC, ) | |
| d/b/a MIDAS AUTO SERVICE EXPERTS, ) | |
| Serve: ) | JURY TRIAL DEMANDED |
| Lance Krug, or person in charge of office, ) | |
| Midas Auto Service Experts ) | |
| 720 South 4th St. ) | |
| St. Louis, Missouri 63107, ) | |
| ) | |
| Defendant. ) | |

**PETITION FOR DAMAGES**

COUNT I

COMES NOW Plaintiff Kevie Hendrix, by and through his attorneys Tueth, Keeney, Cooper, Mohan & Jackstadt, P.C., and for his cause of action against Defendant Lanton Automotive, LLC, d/b/a Midas Auto Service Experts, states as follows:

1.   Plaintiff Kevie Hendrix (hereafter "Plaintiff") is an individual residing in Texas. At the time of the incidents referred to herein, Plaintiff was residing in the State of Missouri.

2.   Defendant Lanton Automotive LLC., d/b/a Midas Auto Service Experts ("Defendant") is a Missouri limited liability company, which, at the time of the incident herein, was doing business in the City of St. Louis, Missouri, located at 720 South 4th St., St. Louis, Missouri 63107.

EXHIBIT A

3. Venue is proper pursuant to § 508.010 RSMo. as this matter is brought in the county where Plaintiff was first injured by the acts of Defendant.

4. On April 30th, 2015, Plaintiff took his vehicle, a 1998 Ford Ranger pickup truck (the "Vehicle"), to be serviced at Defendant's automobile repair facility located at 720 South 4th St., City of St. Louis, Missouri.

5. Defendant serviced the Vehicle that same day by providing certain repair and maintenance items on the Vehicle.

6. After Plaintiff picked up the Vehicle from Defendant's facility, he drove it a few miles before he noticed the Vehicle was smoking.

7. Plaintiff exited the Vehicle as it caught fire.

8. Plaintiff is aware of no conditions that could have started the fire other than the repair work of Defendant.

9. The fire was not the type of loss that ordinarily occurs in the absence of negligence.

10. The Vehicle was under the control of Defendant when the repair work was performed.

11. Defendant has or had superior knowledge about the cause of the fire.

12. Defendant had a duty to perform repairs on the Vehicle in a manner that would not result in the Vehicle catching fire.

13. Defendant breached that duty, and Defendant's actions were negligent, including negligence via *res ipsa loquitor* and/or negligence *per se*.

Electronically Filed - City of St. Louis - April 28, 2020 - 04:12 PM

14. As a direct and proximate result of Defendant's actions, Plaintiff was injured, in that he was subjected to the toxic smoke inhalation, fumes and the trauma of being inside a burning vehicle.

WHEREFORE, for Count I of his Petition, Plaintiff prays for judgment against Defendant, in an amount in excess of $25,000.00, for prejudgment interest as provided by law, for his costs incurred herein, and for such other and further relief as the Court may deem just and proper in the circumstances.

## COUNT II

15. Plaintiff incorporates by reference each of the above allegations in paragraphs one through fourteen as if fully set forth herein.

16. Defendant's repair work on the Vehicle was not done in a workmanlike manner.

17. Defendant's repair work constituted a breach of implied warranty of workmanlike performance of automobile maintenance.

18. As a direct and proximate result of Defendant's actions, Plaintiff was injured, in that he was subjected to the toxic smoke inhalation, fumes and the trauma of being inside a burning vehicle.

WHEREFORE, for Count II of his Petition, Plaintiff prays for judgment against Defendant, in an amount in excess of $25,000.00, for prejudgment interest as provided by law, for his costs incurred herein, and for such other and further relief as the Court may deem just and proper in the circumstances.

        TUETH, KEENEY, COOPER,
        MOHAN & JACKSTADT, P.C.


By: /s/ John M. Reynolds
    John M. Reynolds, #46931
    34 N. Meramec, Suite 600
    St. Louis, Missouri 63105
    (314) 880- 3600
    (314) 880- 3601 Facsimile

*Attorneys for Plaintiff*



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC00848 |
| Plaintiff/Petitioner:<br>KEVIE HENDRIX<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN MATTHEW REYNOLDS<br>34 NORTH MERAMAC SUITE 600<br>ST LOUIS, MO  63105 |
| Defendant/Respondent:<br>LANTON AUTOMOTIVE LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** LANTON AUTOMOTIVE LLC
**Alias:**

LANCE KRUG
PERSON IN CHARGE OF OFFICE
MIDAS AUTO SERVICE EXPERTS
720 SOUTH 4TH ST
SAINT LOUIS, MO  63107

**SHERIFF'S FEE PAID**

*COURT SEAL OF CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**July 29, 2020**
_____          _____
        Date                                    Clerk  *Thomas Kloeppinger*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                    Date                                Notary Public

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $     10.00
Mileage              $_____ (_____ miles @ $._____ per mile)
**Total**            $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.