UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIE HENDRIX, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LANTON AUTOMOTIVE, LLC, d/b/a )<br>MIDAS AUTO SERVICE EXPERTS )<br>)<br>Defendant. ) | Case No. 4:20-cv-1138-AGF |

## **ORDER**

This matter is before the Court on the parties' joint stipulation to remand the case to the state court in which it was originally filed. ECF No. 11. Plaintiff filed this personal injury action in the Circuit Court of the City of St. Louis in April 2020. Consistent with Missouri law, Plaintiff did not plead a specific amount of damages but simply pleaded the jurisdictional amount of $25,000. After Plaintiff refused to stipulate to damages, Defendant removed the case to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Upon review of the pleadings, the Court ordered Defendant to show cause why the case should not be remanded to state court for lack of diversity jurisdiction insofar as the amount in controversy did not appear to exceed $75,000. ECF No. 9. In response to the Court's order, the parties have filed the present stipulation stating that Plaintiff's damages will not exceed that amount. The parties therefore request that the matter be remanded to state court.

"Where state law prohibits plaintiffs from specifying damages in their state court complaints, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading." *Hollis v. Roadrunner Transp. Services, Inc.*, 4:12-CV-394 CAS, 2012 WL 3854484, at *1 (E.D. Mo. Sept. 5, 2012).  "Allowing a plaintiff to unequivocally establish his . . . damages as no greater than $75,000 through use of an affidavit (or other binding declaration) is entirely consistent with the congressional purpose underlying the amount-in-controversy requirement, that is, to keep the diversity caseload of the federal courts under some modicum of control." *Walsh v. J.B. Hunt Transp., Inc*., 20 F. Supp. 2d 1300, 1301 (E.D. Mo. 1998) (citation omitted).  In this case, the proffered stipulation clarifies that the value of Plaintiff's claim at the time of removal did not exceed the jurisdictional minimum, so jurisdiction never attached.  *See Nukic v. Masterbrand Cabinets, Inc*., No. 4:15 CV 491 RWS, 2015 WL 13658080, at *2 (E.D. Mo. Apr. 13, 2015).

Upon review of the record and in light of Plaintiff's stipulation, the Court finds that the amount in controversy does not exceed $75,000, and consequently jurisdiction was lacking at the time of removal.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri, in which it was originally filed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December 2020.